CC LASC Superior Court of CA for the County of Los Angeles, BC081778
remand order, letter and docket

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
CIVIL MINUTES - GENERAL

Case No.   CV 08-4729-GPS(PLAx)                Date:   August 25, 2008

Title:   *James Jordan v. Federal Express Corp.*
=================================================================PRESENT:         THE **HONORABLE GEORGE P. SCHIAVELLI**, JUDGE

         Jacob Yerke                          Not Present
         Courtroom Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR CLAIMANT:

Not Present                              Not Present

**PROCEEDINGS:**   Order Remanding Action
                   (In Chambers)

   On June 18, 2008, Plaintiff filed a Complaint in Los Angeles County Superior Court. The Complaint does not state a value of the action or damages expected.  On July 18, 2008, Defendant filed a Notice of Removal. In the Notice of Removal, Defendant alleges the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.  The statute provides a federal court may hear an action if the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  Because Defendant's Removal appeared insufficient on its face, the Court issued an Order to Show Cause ("OSC") why the Court should not remand the action. Defendant timely filed an OSC response.  In review, the Court finds that Defendant has failed to meet its burden of establishing subject matter jurisdiction.  Accordingly, the action is **REMANDED** for the reasons stated below.

**I.   LEGAL STANDARD**

   Where a complaint does not specify a particular amount of damages, the Ninth Circuit has held the removing defendant bears the burden of establishing, by preponderance of the evidence, that the recovery meets the requisite amount in controversy.  *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006).  Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy exceeds $75,000. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996)).  Where a removing defendant has not met these requirements, the case must be remanded to the state court where it was originally filed.  Fed R. Civ. P. § 1447(c).  The removal statute is strictly construed against removal jurisdiction.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.

MINUTES FORM 11                            Initials of Deputy Clerk__JY__
CIVIL - GEN

1988).

## II. ANALYSIS

Defendant claims the amount in controversy is met because, *inter alia*, Plaintiff seeks statutory damages, back wages, punitive and exemplary damages and attorneys' fees. (Not. of Removal ¶ 8.) Defendant estimates Plaintiff's back wages total approximately $35,000 and, in aggregate, the possible recovery for attorneys' fees/punitive damages will exceed $75,000. Additionally, Defendant claims that Plaintiff's failure to stipulate that the damages are less than $75,000 serves as evidence to establish the amount in controversy. Still, as the analysis below shows, Defendant fails to show that it is more likely than not that the total recovery exceeds $75,000.00.

### A. Attorney's Fees

Defendant claims that "Plaintiff's demand for attorney's fees ... can likely meet the amount in controversy threshold" and "[i]t is reasonable to assume that if the case proceeds through trial, attorney's fees of $75,000 will be accrued by the experienced Los Angeles/Encino area lawyers representing Plaintiffs." (Resp. to OSC 4:15-19.) But Defendant's prediction is too vague to establish subject matter jurisdiction. *See, e.g.*, *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)) (rejecting removal because the defendant did not include the number of hours anticipated to be billed by plaintiff's attorney and the attorney's hourly rate); *see also Conrad Associates v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (rejecting a claim that attorneys' fees meet the jurisdictional requirement because the total time estimate did not include the amount of time each major task will take).

Similar to the defendant in *Surber*, Defendant has failed to provide evidence of attorneys' fees, such as an estimate of the amount of time to be billed and Plaintiff's counsel's hourly billing rate, let alone a detailed list of tasks anticipated as required by the *Conrad Associates* court. Thus, this argument fails.

### B. Punitive Damages

In calculating the amount in controversy, the Court must also consider punitive damages that Plaintiff can recover as a matter of law. *Surber*, 110 F. Supp. 2d at 1232. In this case, Plaintiff seeks an unspecified punitive damages award. In its Notice of Removal and OSC Response, Defendant only speculates that the potential for a punitive damages award in this case could exceed $75,000. *See Conrad Associates*, 994 F. Supp. at 1201 (finding large

punitive damages awarded for similar causes of action in the past too speculative).  Speculation is not enough to establish jurisdiction.

In *Conrad Associates*, the defendant attached a compilation of California jury verdicts that awarded millions of dollars in punitive damages for the same causes of action as the plaintiff's action.  *Id.* at 1200.  However, the defendant failed to compare the facts of these cases to the facts in the plaintiff's case.  *Id.* at 1201.  The court stated that it would be inherently speculative to conclude that the amount in controversy requirement could be met by simply asserting that large punitive damage awards have been awarded in the past for the same causes of action.  *Id.*

This case is analogous to *Conrad Associates*.  The evidence Defendant provided regarding punitive damages includes a list of awards for similar claims within California, which do not distinguish between compensatory and punitive damages, and a list of punitive damage awards won within the past twenty years, which do not include the causes of action.  (Llaurado Decl., Ex. A.)  Defendant does not provide any factual data on these cases nor does it explain how this instant action is similar to the listed causes of action.  In its Removal, Defendant provides the details of one particular wrongful termination case where the plaintiff won $325,000 "on the grounds of infliction of emotional distress."  (Not. of Removal ¶15.)  While Plaintiff has alleged an intentional-infliction-of-emotional-distress cause of action, Defendant has failed to compare the facts of the two cases. Thus, similar to *Conrad*, this evidence is too vague to establish subject matter jurisdiction.

    **C.   Plaintiff's Refusal to Stipulate**

In the instant action, Defendant attempts to use Plaintiff's failure to stipulate that this case was worth less than $75,000 as evidence that potential damages meet the jurisdictional requirement.  But, in *Conrad Associates*, the court held that plaintiffs' refusal to stipulate that the case was worth less than $75,000 was not enough to establish diversity jurisdiction. 994 F. Supp. at 1199 (finding a defect in the subject matter jurisdiction cannot be stipulated to or waived).  Again, similar to *Conrad Associates*, Plaintiff's refusal to commit to less than $75,000 in damages cannot be used to establish subject matter jurisdiction.

**III. CONCLUSION**

In light of the analysis above, the Court finds that Defendant failed to carry its burden.  The Court **REMANDS** the action to state court.


**IT IS SO ORDERED.**


MINUTES FORM 11                                              Initials of Deputy Clerk___JY___
CIVIL - GEN